UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CREEL | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| ADMIRAR VISTA SHIPPING, S.A., | * | SECTION: |
| BRITANNIA STEAM SHIP INSURANCE | | |
| ASSOCIATION, LTD., and M/V | * | MAGISTRATE: |
| ADMIRAR VISTA, *In Rem* | | |
| *   *   *   *   *   *   * | * | IN ADMIRALTY/RULE 9(H) |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes ROBERT CREEL, a person of full age of majority and a resident of the State of Louisiana, Parish of Jefferson, and for his Complaint, he respectfully avers as follows:

**1.**

## JURISDICTION

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. In the alternative, the Court has federal question jurisdiction pursuant to 28 U.S.C. 1331.

2.

Made defendants herein are:

1.       ADMIRAR VISTA SHIPPING, S.A., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the owner and/or operator of the M/V ADMIRAR VISTA.

2.       BRITANNIA STEAM SHIP INSURANCE ASSOCIATION, LTD., on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the insurer of the defendant, Admirar Vista Shipping, S.A. and the M/V ADMIRAR VISTA, and is made a defendant herein pursuant to the Louisiana Direct Action statute.

3.       M/V ADMIRAR VISTA (IMO No. 9000 326 and of Panamanian Registry), her engines, tackle, apparel, boilers, equipment, etc., *in rem*.

**<u>FIRST CAUSE OF ACTION</u>**

3.

ROBERT CREEL was at all times mentioned herein an employee of a third party, Maritech Commerical, Inc., as a marine inspector/surveyor, and the defendants herein are liable unto him pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

4.

On or about October 11, 2011, plaintiff was employed by a third party, Maritech Commercial, Inc., as a marine inspector/surveyor. On that date, the plaintiff was performing his assigned duties aboard the M/V ADMIRAR VISTA, a vessel owned, operated and/or insured by

the defendants, which vessel was in the navigable waters of the United States and within the jurisdiction of this Court.   In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessel, plaintiff was caused to sustain severe and disabling injuries when a platform on the gangway of the M/V ADMIRAR VISTA collapsed.

5.

Plaintiff was in no manner negligent.  On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1.      Failure to provide plaintiff with a safe place in which to work;

2.      Failure to warn the plaintiff;

3.      Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;

4.      Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;

5.      Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6.      Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner, including a safe means of ingress and egress to the M/V ADMIRAR VISTA;

7.      Failure to provide competent and adequate supervisory authority;

8.      Hiring untrained and unskilled employees;

9.      Retaining employees found to be careless and/or unskilled;

10.     Failure to properly man the vessel;

11.    Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12.    Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessel, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: permanent and painful injuries to his left knee, including a torn meniscus, possible ruptured disks and nerve damage, as well as possible injuries to his bones, muscles and joints, organs and tissues among other component parts of his head, back, ribs, legs, feet, and hands.  As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**WHEREFORE**, ROBERT CREEL prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein, there judgment in favor of the plaintiff, ROBERT CREEL, and against the defendants, ADMIRAR VISTA SHIPPING, S.A., BRITANNIA STEAM SHIP INSURANCE ASSOCIATION, LTD., and the M/V ADMIRAR VISTA, her engines, tackle, apparel, boilers, equipment, etc., *in rem*,

jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with

interest from the date of occurrence until paid, attorney's fees, and all costs,  and for any and all

other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:


_____s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE      (17864)
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380

THOMAS L. SMITH  (07712)
Attorney at Law
7805 Zimpel Street
New Orleans, LA  70118
Telephone:  (504) 994-6004
Facsimile:  (504) 528-9399

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS
WILL BE SERVED ON DEFENDANTS.**